22-2902(L)
*Barnes v. Rock*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-four.

PRESENT:
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

Jessie J. Barnes,

*Plaintiff-Appellant,*

v.						22-2902 (L),
							22-3152 (Con), 23-729 (Con)

David A. Rock, Superintendent, Upstate Correctional Facility, sued in individual capacity, et al.,

*Defendants-Appellees,*

**Brian Fischer, Commissioner of DOCCS, sued in individual capacity, et al.,**

*Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF- APPELLANT:** | SCOTT A. EISMAN, Freshfields Bruckhaus Deringer US LLP, New York, NY (Carla Sung Ah Yoon, Aedan Collins, Freshfields Bruckhaus Deringer US LLP, New York, NY, Benjamin Zweifach, Freshfields Bruckhaus Deringer US LLP, Washington, DC, *on the brief*). |
| **FOR DEFENDANTS-APPELLEES:** | JONATHAN D. HITSOUS (Barbara D. Underwood, Victor Paladino, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY. |

Appeal from the April 4, 2023 judgment of the United States District Court for the Northern District of New York (Daniel J. Stewart, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 4, 2023 judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Jessie J. Barnes commenced a 42 U.S.C. § 1983 action against former and current employees of the New York State Department of Corrections and Community Supervision ("DOCCS") alleging, *inter alia*, violations of his First and Eighth Amendment rights. Barnes alleges that he sustained serious injury, including a broken leg and a partially amputated finger, and that Defendant Officers Gettmann, B. Clark and Ramsdell—who were among the defendant officers involved in the most egregious incidents—targeted him in retaliation for filing grievances against them.

Before jury deliberation, the District Court granted Defendants Gettmann, B. Clark, and Ramsdell judgment as a matter of law on Barnes's retaliation claims. The Court also declined to issue an adverse-inference instruction against Defendants for a missing video of an altercation between Barnes and Defendants, reasoning that Barnes failed to compel production of this footage during discovery. The Court nonetheless permitted Barnes to make an adverse-inference argument about the video to the jury during closing arguments. Joint Appendix ("JA") 818-20. The Court also declined to issue an adverse-inference instruction against Defendants for the destruction of the protective hatch that was allegedly involved in the partial amputation of Barnes's finger. JA 817-18. The Court found

that the failure to preserve the hatch did not prejudice Barnes because he was able to introduce a replica hatch and photographs of the original as evidence. JA 817-18. Finally, the Court required that Barnes wear leg shackles during trial. JA 295-96.

The jury found for Defendants on all of Barnes's remaining claims, and Barnes timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

*First*, Barnes challenges the District Court's order granting Defendants Gettmann, B. Clark and Ramsdell judgment as a matter of law on Barnes's retaliation claims. Having carefully reviewed Barnes's arguments *de novo*, *see Legg v. Ulster County*, 979 F.3d 101, 116 (2d Cir. 2020), we find no reversable error. The jury verdict that Defendants Gettmann, B. Clark and Ramsdell did not subject Barnes to excessive force precludes a finding that the same, objectively serious conduct was exercised in retaliation for grievances filed against them. *See Baskerville v. Mulvaney*, 411 F.3d 45, 49–50 (2d Cir. 2005) (holding that plaintiff's retaliation claim fails where "evidence before the jury would not support … a theory of actionable *de minimis* force" and "the jury found … that the officers' use

4

of force did not violate the Eighth Amendment").

*Second*, Barnes argues that the District Court erred in declining to issue an adverse-inference instruction for the missing video footage and the protective hatch on Barnes's cell door. We disagree. When "the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Finding no "abuse of discretion" in the Court's decisions, we affirm for substantially the reasons given by Magistrate Judge Stewart.

*Third*, Barnes argues that the District Court violated his due process rights by requiring him to wear leg shackles throughout the trial. We disagree. The District Court's decision to restrain a defendant is reviewable for "abuse of discretion," unless the Court "has deferred entirely to those guarding the prisoner." *Hameed v. Mann*, 57 F.3d 217, 222 (2d Cir. 1995). The District Court recognized that it "ha[d] to exercise an independent judgment" regarding how Barnes "should be restrained while in the courtroom," and the correction officer's recommendation—that only leg shackles, not handcuffs or a waist chain, were necessary—was consented to by Barnes. *See* JA 295-96. Moreover, the Court

5

mitigated possible prejudice resulting from the leg shackles by granting Barnes's request that he sit between his attorneys, "so that his legs are underneath the desk." JA 296. On these facts, the District Court did not err, much less "abuse its discretion," in having Barnes wear leg shackles during trial.

* * *

We have considered Barnes's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court